IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ADAM BRYANT,                    )
                                )
        Plaintiff,               )    No. 13 C 6635
    v.                          )
                                )    Judge Robert W. Gettleman
UNITED STATES OF AMERICA,       )
                                )
        Defendant.              )

## MEMORANDUM OPINION AND ORDER

Plaintiff Adam Bryant sued defendant United States of America, alleging medical malpractice by Hines VA Medical Center in Hines, Illinois. Defendant has moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. For the reasons stated below, defendant's motion to dismiss is granted.

## **BACKGROUND**[1]

On December 21, 2006, plaintiff underwent cataract extraction surgery at Hines VA Hospital. When plaintiff returned the following day, the staff told him that there was inflammation in his left eye and that his vision was 20/80. These problems were allegedly caused by the surgery. Subsequently, plaintiff received treatment from a series of doctors at Hines. The problems with his vision were not resolved.

In January 2007, plaintiff filed a compensation claim through the Department of Veteran Affairs ("DVA"). The claim was denied. In May, plaintiff retained counsel.

On October 18, 2007, plaintiff filed an administrative tort claim. In December, the U.S. Department of Justice ("DOJ") sent two letters to plaintiff. These letters explained that

---

[1] The following facts are taken from plaintiff's complaint and are assumed to be true for purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

plaintiff's claim was sent to the DVA and that all future communications should be made with the DVA. Nothing in these two letters referenced plaintiff's remedies outside of the administrative claims process. No other communication occurred until 2009, when plaintiff's attorney sent three letters to the DVA. The three letters sought to determine the status of plaintiff's administrative claim. DVA did not respond until August of 2011 when it sent plaintiff's attorney a letter denying the administrative tort claim. Plaintiff subsequently requested a reconsideration, which was also denied on March 28, 2013.

On September 17, 2013, plaintiff filed the instant complaint for medical malpractice.

## DISCUSSION

Defendant has moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's medical malpractice claim. In evaluating a motion to dismiss, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). A motion to dismiss for failure to state a claim tests the sufficiency of the complaint, not its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive such a motion, the complaint must allege sufficient facts that, if true, would raise a right to relief above the speculative level, showing that the claim is plausible on its face. Twombly, 550 U.S. at 555. To be plausible on its face, the complaint must plead facts sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Under the Federal Tort Claims Act ("FTCA"), a claimant must present his claims to the appropriate agency within two years of the date that the claims accrue." Augutis v. United States, 732 F.3d 749, 752 (7th Cir. 2013) (citing 28 U.S.C. § 2491(b)). If the agency does not

dispose of the claim within six months, "the claim is deemed denied and the claimant may file in federal court. Id. (citing 28 U.S.C. § 2675(a)). The claimant also has the option to give the agency more time to dispose of the claim. Id. (citing 28 U.S.C. § 2401(b)). If the claimant chooses this alternative and his claim is denied, the claimant has six months after denial to file suit. Id. (citing 28 U.S.C. § 2401(b)).

In the instant case, plaintiff filed his claim on October 18, 2007. Under the FTCA he could have filed suit on April 18, 2008, when he received no decision on his claim. He chose not to do so, electing instead to wait for a final decision. That came on March 28, 2013, when the agency denied his request for reconsideration. Under the FTCA he then had an additional six months within which to file suit. He did so on September 17, 2013. The suit is thus timely under the FTCA.

Defendant argues, however, that even though timely under the FTCA, plaintiff's suit is barred by the Illinois medical malpractice statute of repose, 735 ILCS 5/13-212(a), which is a substantive provision of Illinois law that extinguishes a right to bring a cause of action "regardless of whether such action has accrued." Augutis, 732 F.3d 753 (quoting Boggs v. Adams, 45 F.3d 1056, 1060 (7th Cir. 1995)). This statute bars all actions "for damages for injury or death against any physician or hospital . . . brought more than 4 years after the date on which occurred the act or omission or the occurrence alleged in such action to have been the cause of such injury or death." 735 ILCS 5/13-212(a).

Defendant correctly argues that the Illinois statute of repose applies even though plaintiff is suing under the FTCA. The FTCA waives sovereign immunity only to the extent that "a private person[] would be liable to the claimant in accordance with the law of the place where

3

the act or omission occurred." 28 USC § 1346(b)(1). Defendant is liable only "in the same manner and to the same extent as a private individual under like circumstances[.]" 28 USC § 2674. Therefore, the FTCA "incorporates the substantive law of the state where the tortious act or omission occurred." <u>Augutis</u>, 732 F.3d at 752 (quoting <u>Midwest Knitting Mills, Inc. v. United States</u>, 950 F.2d 1295, 1297 (7th Cir. 1991)). In the instant case, the surgery occurred in Illinois and, because the Illinois medical malpractice statute of repose is substantive law, <u>Augutis,</u> 732 F.3d at 753, it applies to plaintiff's claim. <u>Id.</u> at 754 (noting that the FTCA does not preempt this statute of repose, but, rather, "expressly incorporates it").

Under the medical malpractice statute of repose, plaintiff's claim is barred because he filed it more than four years after the surgery occurred. Plaintiff's surgery was on December 21, 2006. He had until December 21, 2010 to file his lawsuit before the statute of repose barred it. Under both the FTCA and Illinois law, plaintiff had from April 2008 to December 2010 to bring his lawsuit. Plaintiff did not file his complaint, however, until 2013. This seven-year gap exceeds the four-year period provided by § 13-212.

In his response, plaintiff provides ten communications sent among plaintiff, his attorney, the DOJ, and the DVA. Plaintiff seems to claim that the statute of repose should be equitably estoppped because these governmental communications led him to believe that he could bring a cause of action at some future date.

Plaintiff's argument is insufficient. As a preliminary matter, the Seventh Circuit has explained that equitable estoppel does not generally apply to statutes of repose. <u>Augutis</u>, 732 F.3d at 755 (citing <u>McCann v. Hy-Vee, Inc.</u>, 663 F.3d 926, 930 (7th Cir. 2011)). Further, the first letter regarding plaintiff's administrative tort claim that he received from the DVA was sent

4

on August 3, 2011.  The prior letters that plaintiff received either regarded his compensation claim or were sent by the DOJ.  In neither instance did the letters contain any language about remedies outside of the administrative tort claim process. Based on these facts, plaintiff could not prevail even if Illinois recognized equitable estoppel for statutes of repose and plaintiff reasonably relied on the 2011 letter.  The four-year period under § 13-212 ended in 2010.  Therefore, any reasonable reliance plaintiff placed on the 2011 letter would not have had a detrimental effect because his medical malpractice claim was already precluded.  See Augutis, 732 F.3d at 755 (reaching the same conclusion with nearly identical facts).

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted.


**ENTER:** March 12, 2014

_____
 **Robert W. Gettleman
 United States District Judge**